IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE,
KNOXVILLE DIVISION

| FAMILY INNS OF AMERICA, INC. | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Lexington Insurance Company ("Lexington"), by and through its attorneys PAINE, TARWATER, BICKERS & TILLMAN, LLP, pursuant to 28 U.S.C. § 1441(a) and in accordance with 28 U.S.C. § 1446, submits its Notice of Removal to remove this action from the Chancery Court for Campbell County, Tennessee, and in support thereof, states as follows:

1. On January 26, 2007, Plaintiff filed a Complaint for declaratory judgment in the Chancery Court for Campbell County, Tennessee, seeking the Court's declaration of the rights and/or obligations under a certain insurance policy issued to Plaintiff by Lexington. The Complaint alleges Plaintiff's facility in Caryville, Tennessee suffered certain damage as a result of a fire on January 29, 2005, and that Lexington has failed and/or refused to provide all benefits to which Plaintiff believes it is entitled under said policy. A copy of the Complaint is

1

attached as Exhibit "A". That action is styled *Family Inns of America, Inc. v. Lexington Insurance Company, Docket Number 07-014.*

2. The Complaint was served on Corporate Service Company on February 14, 2007, and received by Lexington on February 19, 2007.

4. The amount in controversy exceeds the $75,000.00 jurisdictional minimum, as delineated in the Affidavit of Adjuster John Miller. A copy of Mr. Miller's Affidavit is attached as Exhibit "B".

5. This Notice of Removal is being filed within thirty (30) days after the date Lexington's first ascertained that the case is one which is removable on the basis of jurisdiction conferred by 28 U.S.C. §1332.

6. The claim is a civil action to which this Court has original jurisdiction under 28 U.S.C. §1332, and Lexington is entitled to remove the action to this Court pursuant to 28 U.S.C. §1441(a) in that:

    a. Plaintiff is a Tennessee Corporation having its principal place of business located in Tennessee;

    b. Lexington Insurance Company is a Delaware corporation with it principal place of business located in Boston, Massachusetts:

    c. Upon information and belief, there is diversity of citizenship between the parties; and

    d. The matter in controversy exceeds $75,000 exclusive of interest and costs.

7. A copy of this Notice and a Notice of Filing of Removal have been filed with the Clerk and Master of Campbell County Chancery Court on this date.

8. Defendant reserves the right to amend or supplement this Notice of Removal to the extent permitted or required by applicable law.

9. Defendant reserves any and all defenses under applicable law, and the filing of this Notice of Removal is subject to and without waiving any such defenses.

WHEREFORE, Lexington Insurance Company respectfully requests Case No. 07-014, currently pending in the Chancery Court for Campbell County, Tennessee, be removed to the United States District Court for the Eastern District of Tennessee, Knoxville Division.

Respectfully submitted,

LEXINGTON INSURANCE COMPANY

By: /s/ Matthew J. Evans

Matthew J. Evans (BPR #017973)
PAINE, TARWATER, BICKERS & TILLMAN, LLP
1100 First Tennessee Plaza
800 South Gay Street
Knoxville, Tennessee 37929
865.525.0880
865.521.7441 (fax)
mje@painetar.com

Of Counsel:
Peter E. Kanaris
Jefferson D. Patten
FISHER KANARIS, P.C.
200 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
312.474.1400
312.474.1410 (fax)
pkanaris@fisherkanaris.com
jpatten@fisherkanaris.com
Attorneys for Lexington Ins. Co.

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March 2007, a copy of **Notice of Removal** was filed and served upon the following via facsimile and U.S. Mail.

Sidney W. Gilreath
Cary L. Bauer
Gilreath & Associates
550 Main Street, Suite 600
P.O. Box 1270
Knoxville, Tennessee 37901-1270

_____
PAINE, TARWATER, BICKERS &
TILLMAN, LLP
1100 First Tennessee Plaza
800 South Gay Street
Knoxville, Tennessee 37929
865.525.0880
865.521.7441 (fax)
mje@painetar.com

4

## IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE

| | |
|---|---|
| FAMILY INNS OF AMERICA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07-014 |
| ) | |
| LEXINGTON INSURANCE COMPANY ) | |
| Serve: Legal Department ) | |
| Lexington Insurance Company ) | |
| 100 Summer Street ) | |
| Boston, Massachusetts 02110-2103 ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

1. Plaintiff is a corporate entity organized and existing under the laws of the State of Tennessee.

2. Defendant Lexington Insurance Company is a business entity conducting an insurance business within the State of Tennessee as a surplus line coverage provider. At all times material, Plaintiff was covered under a policy of insurance issued by Defendant within the State of Tennessee at Pigeon Forge, Sevier County, Tennessee and has agreed, pursuant to said contract and by request of Plaintiff which is hereby specifically requested, to be subject to the jurisdiction of any competent Tennessee Court.

3. Defendant issued the aforementioned policy of insurance to Plaintiff to provide property damage coverage for Plaintiff's business facility at Caryville, Tennessee.

4. On or about January 29, 2005, Plaintiff's insured facility suffered damage as a result of a fire in a guest room with attendant smoke and water damage. Defendant has provided

1

EXHIBIT A

initial benefits pursuant to its policy of insurance but has failed and/or refused to provide all benefits to which Plaintiff is entitled pursuant to said policy.

5. There are disputes as to both the amounts of benefits to which Plaintiff is entitled as well as to categories of benefits to which Plaintiff is entitled including but not limited to:

a. loss of income benefits/business interruption;

b. increased costs of construction/repair;

c. loss of contents/personal property.

6. Pursuant to said policy, this cause of action is brought within twenty-four months next after inception of the loss.

WHEREFORE, Plaintiff prays that after due proceedings had, the Court declare the rights and/or obligations of the respective parties together with such other general and appropriate relief to which the Plaintiff may be entitled.

SIDNEY W. GILREATH (BPR # 002000)
CARY L. BAUER (BPR # 019735)
GILREATH & ASSOCIATES
550 Main Street, Suite 600
P.O. Box 1270
Knoxville, Tennessee 37901-1270
865/637-2442

2

## IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE

FAMILY INNS OF AMERICA, INC. )
)
    Plaintiff, )
)
vs. ) No. 07-014
)
LEXINGTON INSURANCE COMPANY )
Serve: Legal Department )
       Lexington Insurance Company )
       100 Summer Street )
       Boston, Massachusetts 02110-2103 )
)
    Defendant. )

**FILED**
JAN 26 2007
WILLIAM F. ARCHER
CLERK & MASTER

### COST BOND

<u>FAMILY INNS OF AMERICA, INC.</u>, as Principals, and GILREATH & ASSOCIATES as Surety, are held and firmly bound unto the Chancery Court Clerk of Campbell County, Tennessee, for the payment of court costs awarded against the principal. To that end, we bind ourselves, our heirs, executors and administrators.

The Principals are commencing legal proceeding in the Chancery Court of Campbell County, Tennessee. If the Principal shall pay all costs which are adjudged against them then this obligation is void. If the Principal fail to pay then the surety shall undertake to pay court costs adjudged against the Principal. Mandated at T.C.A. §20-12-120, <u>et seq.</u>, excluding discretionary costs.

**PRINCIPALS**                                                                 **SURETY**

_____          _____
FAMILY INNS OF AMERICA, INC.          SIGNATURE OF SURETY



## DEFENDANTS COPY

### IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE

FAMILY INNS OF AMERICA, INC.           )
                                       )
    Plaintiff,                     )
                                       )
                                       )   No. 07-014
vs.                                    )
                                       )
LEXINGTON INSURANCE COMPANY            )
                                       )
    Defendant.                     )
                                           SUMMONS

TO:   Lexington Insurance Company
      100 Summer Street
      Boston, Massachusetts 02110-2103
      c/o Tennessee Commissioner of Insurance

You are hereby summoned and required to serve upon Plaintiffs' attorney, Sidney Gilreath whose address is: 550 Main Avenue, Suite 600, P.O. Box 1270, Knoxville, Tennessee 37901-1270 a true copy of the Answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. You will file the original with the Court.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Issued this 26th day of January, 2007 at 4:10 o'clock P. M.

Witness, Clerk of said Court, at office the 26th in January A.D., 2007.

                                               Clerk

                     By: _____
                              Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

### NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel (clothing) for yourself and your family, and trunks or receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____, 2007, _____, Deputy Sheriff

### RETURN ON SERVICE OF SUMMONS

I, Wm. F. Archer, Clerk & Master of said Court in and for said County, do hereby certify that the foregoing is a true and perfect copy of _____ As same appears of record in my office and that _____ the official custodian of this record. Witness my hand and official seal at office this the _____ day of _____, 20 __.

Clerk & Master: _____

I hereby certify and return that on the _____ day of _____, 20 ___, I served this summons together with the complaint as follows: _____
_____ failed to serve this summons within 30 days after its issuance because _____

                                                       Sheriff-Deputy Sheriff



CORPORATION SERVICE COMPANY



KUB / ALL
Transmittal Number: 5004523
Date Processed: 02/14/2007

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Kenneth V. Harkins Esq.<br>American International Group, Inc.<br>175 Water Street<br>Floor 18TH<br>New York, NY 10038 |
| Entity: | Lexington Insurance Company<br>Entity ID Number 1903911 |
| Entity Served: | Lexington Insurance Company |
| Title of Action: | Family Inns of America, Inc. vs. Lexington Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Chancery Court for Campbell County, Tennessee |
| Case Number: | 07-014 |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 02/14/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Department of Commerce and Insurance of TN on 2/12/2007 |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Cary L. Bauer<br>865-637-2442 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com



**STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131**

February 12, 2007

Lexington Insurance Company
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 19437

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 6818 2624
Cashier # 1688

Re: Family Inns Of America, Inc. V. Lexington Insurance Company

Docket # 07-014

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on February 06, 2007 by Family Inns Of America, Inc. pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Chancery Court of Campbell County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
Campbell County
P O Box 182
Jacksboro, Tn 37757

Service of Process 615.532.5280

## AFFIDAVIT OF JOHN MILLER

John Miller, after being duly sworn, deposes and states that, if called upon as a witness, he would be competent to testify of his own personal knowledge to the following facts:

1. I am an adjuster employed by T.M Mayfield & Co. located in Charlotte, North Carolina.

2. T.M. Mayfield & Co. was retained by Lexington Insurance Company ("Lexington") as an independent adjuster to evaluate a claim submitted by Family Inns of America, Inc. ("Family Inns") to Lexington, under policy of insurance 7471292, for damage and losses to one of Family Inns' facilities, located in Caryville, Tennessee, alleged to have been the result of a fire on January 29, 2005.

3. The damages and losses submitted by Family Inns included damage to the physical structure, damage to the contents contained within the physical structure, demolition and increased costs of construction, and the loss of rents.

4. As of the time Family Inns filed its lawsuit in the Chancery Court for Campbell County, Tennessee, Family Inns' was claiming additional damages, totaling more than $540,000, related to the January 29, 2005 fire. A copy of the January 23, 2007 letter I received from Family Inns' attorney is attached as Exhibit "1".

Dated this 10th day of March 2007

John Miller

Subscribed and sworn to me
This 10th day of March, 2007

_Carla D Holland_
Notary Public

CARLA D HOLLAND
Notary Public
Wake County
State of North Carolina
My Commission Expires Mar 19, 2011

EXHIBIT B

## LAW OFFICES
## Gilreath & Associates

BANK OF AMERICA CENTER
550 MAIN AVENUE, SUITE 600
P. O. BOX 1270
KNOXVILLE, TENNESSEE 37901-270
TELEPHONE 865/637-2442
FACSIMILE 865/971-4116
www.sidgilreath.com

SIDNEY GILREATH
MEREDITH C. BOND
RICHARD L. DUNCAN
R. CHRISTOPHER GILREATH
CARY L. BAUER
BRYAN L. CAPPS, M.B.A.
T HOTHY HOUGHOLDER

OF COUNSEL
CHARMAINE NICHOLS

NASHVILLE OFFICE
1500 SUNTRUST CENTER
424 CHURCH STREET
NASHVILLE, TENNESSEE 37219
615/244-2202

MEMPHIS OFFICE
THE MOSBY-BENNETT HOUSE
2475 POPLAR AVENUE
MEMPHIS, TENNESSEE 38112
901/450-2777

January 23, 2007                                                VIA OVERNIGHT MAIL

Mr. John R. Miller, National General Adjuster
T. M. MAYFIELD & CO.
P.O. Box 11839
Charlotte, NC 28220

> RE: Claim #:       030-183328
>     Insured:       Family Inns of America
>     Policy #:      7471292
>     Date of loss:  1-29-05
>     Type of loss:  Fire at Caryville, Tennessee
>     TMM file #:    ASH018002

Dear Mr. Miller:

Thank you for discussing the settlement of the above-referenced loss this morning. I am enclosing the signed and notarized Sworn Statement in Proof of Loss for the undisputed portion of Mr. Seaton's business income loss. Please forward the check directly to Mr. Seaton at the the Family Inns of America address:

> Family Inns of America
> P.O. Box 10
> Pigeon Forge, TN 37863

As we discussed today, it is our position that the policy would cover upgrades that were made necessary by the "the enforcement of any law or ordinance regulating the construction or repair of the damaged facilities." (Manuscript All Risk Form, ¶7(I), p. 5). It is our position that the two year completion clause to which you referred has been waived due to the lack of settlement funds being provided to Mr. Seaton, i.e., Mr. Seaton is expected to advance considerable costs without any reimbursement up front. In fact, it would appear that the costs of code upgrades will easily exceed the policy limits, assuming that such costs are limited to $250,000.00. I am attaching documentation which demonstrates some of those costs which were made necessary by the State fire marshal's requirement that the entire structure be brought up to the current building code. (See Letter of Paul R. Bullen, February 14, 2005).

EXHIBIT 1

Page 2 of 2

| | |
|---|---|
| Hodge Associates Professional Services Proposal | $124,000.00 |
| National Elevator Proposal | $147,566.00 ($74,783.00/car) |
| Sam King Construction, LLC Sprinkler System Install | $158,175.00 |

In addition to these items, the attached report of Hodge Engineering demonstrates multiple other areas where upgrades will be required in order to comply with current building codes such as exit stair guardrails, exterior railing, vertical shafts, handicap accessibility for public toilets, exterior receptacles, etc. Again, these items did not represent code violations as they existed when the building was constructed but must be remedied in order to meet the current code. As you can see, we will very quickly reach a $250,000.00 policy limit.

With regard to the depreciation issue, it is my understanding that the repairs contemplated under the initial property damage settlement have now been completed which should entitle Mr. Seaton to the payment of the additional $85,516.22.

Finally, regarding the loss to the contents, I am enclosing an estimate demonstrating those losses which totals $208,359.06. Please contact Mr. Gilreath or myself at 800-637-7024 as soon as you have had a chance to look over this so that we can attempt to resolve this matter without the necessity of litigation. I look forward to working with you.

With kind regards,

Mr. Cary L. Bauer

/cd

Enclosures